**Anthony THOMAS, Plaintiff**

v.

**SCI CAMP HILL, ADMINISTRATORS, Defendants**

**No. CIV. 1:CV050666.**

United States District Court, M.D. Pennsylvania.

June 6, 2005.

Anthony Thomas, Hunlock Creek, PA, pro se.

---

2. Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.

### MEMORANDUM AND ORDER

RAMBO, District Judge.

The background of this order is as follows. Plaintiff, Anthony Thomas, formerly an inmate at the State Correctional Institution in Camp Hill ("SCI–Camp Hill"), Pennsylvania,[1] commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that while housed at SCI–Camp Hill, he was denied access to adequate legal materials and requested prisoner grievance forms, and that he was housed in an unsatisfactory cell block (F–Block). For relief he

> want[s] other prisoners to be able to have access to the court and if they came to Camp Hill Prison on F–Block they should have law library everyday if they came from another state prison for court or a parole hearings [sic]. It's not right for T.T. to be place [sic] on F–Block for nothing. Once they are done with court or they [sic] parole hearings. And they should give inmates grievances when they ask for them. I want to help myself with this problems [sic] and other inmates also. So, I'm seeking help with this because that's not right what they did to me.

(Doc. 1 ¶ V.) Plaintiff appears to be seeking injunctive relief, directing the "SCI–Camp Hill Administrators" to improve access to legal materials, provide prisoner grievance forms when requested by inmates, and to preclude Plaintiff's subsequent housing on F–Block. Plaintiff is no longer an inmate at SCI–Camp Hill, and he is currently housed at the State Correctional Institution–Retreat ("SCI–Retreat") in Hunlock Creek, Pennsylvania. (*See* Doc. 8.)

It is well recognized that the adjudicatory power of a federal court depends upon the *continuing* existence of a live and acute controversy through all stages of litigation. *U.S. v. Sczubelek,* 402 F.3d 175, 178 (3d Cir.2005). The rule in federal cases is that an actual controversy must be extant at all stages of review, including appellate review. *Id.* "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985). Where events occur that eliminate the Plaintiff's personal stake in the outcome, or prevent the court from granting the requested relief, the case should be dismissed as moot. *Sczubelek,* 402 F.3d at 178.

"An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. *Abdul–Akbar [v. Watson],* 4 F.3d [195,] 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial)." *Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003). The record does not indicate that Plaintiff has been confined at SCI–Camp Hill at any time during the pendency of this case, and there is no reason to expect that he will be returned to that correctional facility in the foreseeable future. He is currently incarcerated at SCI–Retreat, thus precluding the current possibility of placement in F–Block, or further exposure to inadequate access to legal research materials or requested prisoner grievance slips. Consequently, since Plaintiff is not suffering any of the challenged action by the administrators of SCI–Camp Hill, his requests

1. Plaintiff is currently an inmate at the State Correctional Institution–Retreat in Hunlock Creek, Pennsylvania.

for injunctive relief are moot under the standards set forth in *Sczubelek, Rosenberg* and *Sutton,* and the case will be dismissed.

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's complaint (Doc. 1) is **DISMISSED** as moot.

2) The Clerk of Court is directed to close this case.

3) Any appeal from this order shall be deemed frivolous, without good cause, and not taken in good faith.